

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. S. Murchison
Executive Director
State Department of Public Welfare
Austin, Texas

Dear Sir:

Opinion No. O-2814
Re: Salary payment to state
employee who was dis-
missed during his vaca-
tion.

We received your letter dated October 9, 1940,
which is self-explanatory and reads, in part, as follows:

"One L. W. Harris of Whitney, Hill County,
Texas, was employed by the Texas Old Age Assis-
tance Commission, now the State Department of
Public Welfare, on October 11, 1938 and continued
in the employ of this department as a field investi-
gator until May 23, 1940, at which time his employ-
ment was terminated by order of the Executive Direc-
tor for the reason that the said L. W. Harris had
publicly announced for a public office, to-wit,
State Representative.

"At the time Mr. Harris announced for public
office, he was on vacation leave, which vacation
began on May 20, 1940 and would have ended on June
3, 1940. Said L. W. Harris having been employed
by the State Department of Public Welfare for a
period in excess of twelve months was entitled to
the statutory twelve working days' leave of absence
with pay, as provided in the General Appropria-
tion Act, S. B. No. 427, as enacted during the
regular session of the 46th Legislature of the
State of Texas, under the head 'Vacation Allowance.'
. . . .

"On September 27, 1940, Mr. Harris filed
with the Department a claim for salary payment

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable J. S. Murchison, Page 2

for the period of time May 23 to June 3, 1940,
being the balance or unexpended portion of his
vacation period.

"As Executive Director of the State Depart-
ment of Public Welfare, I respectfully request
to be advised as to whether or not the Department
can legally pay Mr. Harris for the period May 23
to June 3, 1940. The amount of payment is not
questioned."

We call your attention to that part of Section 2
of the Departmental Appropriation Bill, S. B. 427, Acts 1939,
46th Leg., Special Laws, page 7 (at page 224) which pertains
to vacation allowances to state employees. Said provision
reads as follows:

"Vacation Allowance. Department employees
shall, without deduction in salary, receive not
exceeding twelve days' vacation, exclusive of
Sundays and legal holidays, on which State of-
fices are closed, for each State fiscal year,
such vacation period to be mutually agreed upon
by the head of each department with his employees,
provided, that employees belonging to the Texas
National Guard may have their vacation at the
time of the meeting of the annual encampment.
Provided, that no employee for whom a salary is
hereby appropriated, shall receive compensation
while on vacation unless he or she has been an
employee of the department for not less than six
calendar months preceding the vacation period."

The above quoted provision of the Departmental
Appropriation Bill would seem to contemplate that one must
be a departmental employee during the vacation period in
order to receive pay for the vacation period. To this ef-
fect, we quote from the case of Gutzwiller v. American
Tobacco Co. et al, 122 A. 586, Supreme Court of Vermont,
as follows:

". . . A vacation, according to Mr. Webster,
is a period of leisure of rest; a holiday. This
definition, clearly, implies a continuation of
service, rather than that the service has ended.

The master, who in recognition of faithful service, gives his servant a holiday, cannot be said to thereby terminate his relation of master to such servant. . . ."

In the case of State ex rel. Bonsall v. Case, State Treasurer, 19 P. (2d) 927, the Supreme Court of Washington, had under consideration a problem somewhat similar to the one present here. We quote, at length, from said case, as follows:

"The relator, C. S. Bonsall, for more than a year prior to January 11, 1933, was the duly qualified and acting deputy auditor of this state. The respondent is the duly elected, qualified, and acting treasurer of the state. The relator's connection with the state auditor's office was severed January 11, 1933, and he has not since that time been in the service of the state in the auditor's office. January 10, 1933, or the day before his connection with the auditor's office ceased, the relator prepared a voucher for a period of fourteen days, which was in addition to the regular monthly compensation which he had received during his term of service. The state auditor allowed the claim and issued a warrant therefor. When the warrant was presented to the state treasurer, that officer refused to pay the same, claiming that it was illegal. During the year prior to January 11, 1933, the relator had taken no vacation, and the warrant issued was intended to cover the vacation period.

"Section 133, chapter 7, p. 67, Laws of 1921, reads as follows: 'Each subordinate officer and employee of the several offices, departments, and institutions of the state government shall be entitled, during each twelve months' period, to fourteen days' leave of absence with full pay.'

"(1) It is the relator's contention, that since he did not take a vacation during the twelve months prior to the time that his connection with the office of the state auditor ceased, he was entitled to such vacation period after the severance of his

Honorable J. S. Murchison, Page 4

connection with that office. The statute, just quoted, provides that 'each subordinate officer' of the state government shall be entitled, during each twelve months' period, to fourteen days' leave of absence with full pay. The statute, by its express language, would appear to contemplate that the one receiving a vacation on pay must be a subordinate officer or employee at the time the vacation was taken. We see nothing in the statute which would authorize the payment, for a vacation period, to one who had been an employee of the state, subsequent to the time that his service ended. The purpose of the statute, as we view it, was to give each employee, during the time that he was in the service of the state, a vacation of fourteen days on pay; but it does not follow from this that the state auditor could issue a warrant covering a vacation period which had not been taken, and, in effect, grant the employee a vacation on pay after he had ceased to be an employee of the state. If this could be done, it would be, in effect, the giving to the employee of a gratuity or bonus in addition to his regular salary which he agreed to accept at the time the employment or service began.

"....

"(2) It is undoubtedly true that during the term of the service the state auditor has a discretion to determine at what time the respective employees may avail themselves of the vacation period on pay, as provided in the statute, but when the employment ceases, the state auditor's discretion in the matter likewise ceases, and it becomes a question merely of the construction of the statute. The construction placed upon the statute heretofore by the attorney general's office should be given proper consideration, but it is not controlling. It is our conclusion on this branch of the case that, when the relator's service was terminated, his right to a vacation ceased and he no longer had a right to compensation for a vacation period which he did not take during the time of his employment." (Underscoring ours)

From the facts as set out in your letter, it is apparent that Mr. Harris was not in the employment of the State between May 23, 1940, and June 3, 1940, For this reason, you are advised that Mr. Harris cannot be legally paid for the period between May 23 and June 3, 1940.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By       *Glenn R. Lewis*

Glenn R. Lewis
Assistant

By       *Lee Shoptaw*

Lee Shoptaw

LS:db

APPROVED OCT 25, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN